Mario Pittoni, J.
The plaintiff’s motion for summary judgment is denied.
The plaintiff claims to be the holder in due course of a camera pawn ticket which he purchased in good faith, and without knowledge that the camera was stolen, from a Thomas O’Hare who claimed to be the owner. He further states that his agent presented the pawn ticket to the defendant, a New York City pawnbroker, and paid him $107.85 to redeem the camera, but that the defendant then refused to deliver the camera on the ground that there was a police stop on the camera and it was therefore undeliverable.
*125 The plaintiff now sues to recover the $107.85 which he claims is wrongfully held.
The defendant states that when the plaintiff’s agent presented the ticket he said he represented the original pledgor, that the camera had been pledged by a Thomas O’Hare, that the police informed him that the camera was stolen and ordered him not to surrender the camera, nor the money paid for it, to anyone without a prior release by the Police Department.
The plaintiff’s contention that he is a holder in due course is not tenable; a pawn ticket issued in the name of the pawnor is not a negotiable instrument. To be negotiable the instrument must be payable to order or bearer (Negotiable Instruments Law, § 20, subd. 4).
Under the circumstances, there are triable issues as to the representations made by the plaintiff’s agent to the defendant, the status of the camera, the police directions to the defendant, and whether they were consistent with the supervisory powers granted to the Police Department over pawnbrokers pursuant to section 436 of the New York City Charter. Thus there are triable issues herein and the motion must be denied (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404; Falk v. Goodman, 7 N Y 2d 87, 91).